CHARLES E. BUTLER, as TRUSTEE, ETC., APPELLANT, IMPLEADED WITH SARAH C. BUTLER, as EXECUTRIX, ETC., *v.* THE BOSTON AND ALBANY RAILROAD COMPANY, RESPONDENT.

*Trustee — when he is held personally liable for the costs of an action brought by him.*

When a trustee during the pendency of an action brought by him receives and voluntarily disburses money belonging to the estate, and the defendant thereafter recovers a judgment against him for costs, the court may, if the trustee has no money wherewith to pay the judgment, allow the defendant to enter a judgment against him personally for the amount thereof.

APPEAL from an order made at Special Term directing that the plaintiff, Charles E. Butler, be charged personally with the payment of the defendant's costs.

The action was brought by plaintiffs, not individually, but in their representative capacity, for damages to the real estate held by them for the life of Alexander Hammond, occasioned by the defendant's building and maintaining a second track in the street in front of the said premises; and also praying for an injunction against the defendant, restraining the use of said second track.

The cause was referred and a report made in favor of the defendant, adjudging that the complaint be dismissed, with costs, and

directing judgment to be entered therefor in favor of the defendant and against the plaintiffs.

It appeared that after the action was commenced, Charles E. Butler, as trustee, received and paid out divers moneys, and that he had personally advanced some $410.41 when Alexander Hammond suddenly and unexpectedly died.

*S. L. Magoun,* for the appellant.

*Newkirk & Chace,* for the respondent.

BOCKES, J.:

We are of the opinion that the order appealed from was properly granted, on the ground stated at Special Term, that the plaintiff, Butler, was, during the progress of the action, possessed of trust funds sufficient to satisfy the costs awarded to the defendant in the action. Having the means in hand, he should have anticipated the possible result of the suit and kept them, in order to be able to meet the costs which might be awarded against him therein. It seems that he paid his own attorney and counsel in the suit. It was quite as much his duty to pay from the trust fund the costs of the defendant, as it was to pay his own attorney and counsel in the suit, and thus relieve himself from personal liability to them. To pay all other demands, or most of them, in full, and retain nothing at all for an equally just claim was an unfair disposition of the funds. It is an old maxim that "equality is equity." The trustee incurred liability for those costs by his own action. He should not be allowed to cast the burden of his own mistake, calling it such, upon his adversary, especially as he possessed the means of indemnifying himself from the fund his proceeding was intended to enhance or benefit. And again his obligation to pay these costs was equal if not paramount to the duty he owed to the beneficiary under the trust. He should not, therefore, make application of the fund to the beneficiary and leave these costs wholly unpaid. Such distribution of means in hand was improper as it was unjust.

The defendant was not concluded from this motion in this case by the judgment awarded by the referee. Costs were awarded against the plaintiffs, and without any further order they would be

deemed to be against the plaintiffs in their representative capacity, but the defendant was at liberty to move the court for an order charging them personally therewith on the grounds here urged.

We do not think it necessary here to consider the question whether the action was necessarily brought by Butler in his representative capacity. We are of the opinion that the order was well based, on the ground above considered.

The order appealed from should be affirmed, with ten dollars costs and expenses for disbursements.

BOARDMAN, J., concurred; LEARNED, P. J., taking no part.

Order affirmed, with ten dollars costs and disbursements.